The People of the State of New York, on Complaint of Lawrence C. Van Epps, Respondent, *v.* Philip Doherty, Appellant.

Third Department, January 8, 1941.

*Edward E. Weber*, for the appellant.

*Lawrence J. McGovern, Second Assistant Corporation Counsel,* for the respondent.

Foster, J. This is an appeal from an order of filiation, made in Children's Court, Schenectady County, on May 11, 1939. Defendant has been found to be the father of a child born out of wedlock on or about June 26, 1935. The application for the order was made by a deputy commissioner in the department of welfare of the city of Schenectady. The date of this application is not in the record, but it seems a fair inference that the application was made after the two-year period within which the mother might have made a complaint.

Although the testimony of the mother was not of the most satisfactory character, we would ordinarily be loath to disturb the decision of the trial court upon the issue involved, especially in view of the fact that the defendant offered no testimony. However, we think the trial court's ruling upon defendant's motion for a blood grouping test of himself, the mother and child, was

erroneous and amounted to a deprivation of a substantial right. The motion was granted upon the condition that defendant deposit the sum of fifty dollars for the payment of the test.

The statute relative to such a motion (Dom. Rel. Law, § 126-a) reads as follows: " The court, on motion of the defendant, shall order the mother, her child and the defendant to submit to one or more blood grouping tests by a duly qualified physician to determine whether or not the defendant can be excluded as being the father of the child, and the results of such tests may be received in evidence but only in cases where definite exclusion is established."

Nothing therein gave the court power to impose a condition requiring the deposit of money. Moreover, there is no proof in the record that such a sum as fifty dollars was necessary to provide for the test. We think the correct practice would have been for the court to have granted a reasonable adjournment to enable the defendant to procure a reputable physician to perform the test on the court's order; but if it appeared that the defendant was financially unable to provide for such a test, a physician should have been appointed by the court, and a reasonable fee therefor should have been made a county charge. The language of the statute is mandatory, and the right given thereunder should not be made dependent upon the financial resources of the defendant, especially since the charge against him is one that is regarded as quasi-criminal in nature.

The order should be reversed, without costs, and a new trial ordered.

HILL, P. J., CRAPSER and BLISS, JJ., concur; HEFFERNAN, J., dissents.

Order reversed, without costs, and a new trial granted.