Louis A. Pagnucco, J.
This is an action by petitioner Carol Brian against respondent Frank T. Johns to declare respondent the father of the child, Sara, born to petitioner on the 4th day of March, 1973 and for an order directing respondent to support the child.
At the request and the expense of the respondent a blood grouping test was ordered by the court on January 2,1974.
The results of the blood grouping test excluded respondent from being the father of the child. The petitioner was not satisfied with the results of the test and through her attorney demanded that respondent submit to another blood grouping test.
At first, the court was inclined to grant such request. However upon opposition by attorney for respondent, that such second test would be unfair to respondent and might be in violation of his constitutional rights, the court agreed to reconsider the request for a second test. The attorney for respondent further stated that his client was ready to proceed to trial and put petitioner to the proof.
Section 532 of the Family Court Act provides that the court on motion of respondent shall order the mother and her child and respondent to submit to a blood grouping test. There is no authority in this statute for the court to order a second test or indeed to order any test over the respondent’s objection.
In the case of Commissioner of Welfare of City of N. Y. v. Costonie (277 App. Div. 90) two blood grouping tests were made both of which-excluded the respondent. The Appellate Division, First Department, in determining that while a blood test exclusion report is something more than a scientific opinion, the weight to be given depends on the underlying basis for the report. The court further ordered that doctors who made the test should be heard in order to determine ‘1 the procedure followed, its accuracy, whether any margin of error may exist in - the conduct or results of the tests and the conclusiveness or lack of conclusiveness of the findings.”
In Matter of Crouse v. Crouse (51 Misc 2d 649) Dr. Alexander Weiner, one -of the foremost serologists and hemotologists in the country and an expert in blood grouping tests, testified that the accuracy of the tests depends on the reliability of the worker and the interpretation of the said test.
*221 In view of the f oregoing it is the determination of this court that the motion for a second blood grouping test be denied at this time. The trial is to proceed and the respondent is to produce the doctor who performed the test as a witness to explain the basis for his conclusion so that the petitioner may question the accuracy of the procedure followed in the performance of the test and the analysis of the result. The court recognizes the fact that there may be a margin of error in the making of these tests.
Since the Legislature has not made a blood test exclusion the only evidence on the issue of paternity, petitioner will therefore be given the opportunity to rebut this evidence.
Clerk is to recalendar case for trial with notice to the parties and their attorneys. 1