*1016 OPINION OF THE COURT
Leon Deutsch, J.
Petitioner moves the court for (1) an order vacating a prior dismissal and restoring the instant paternity case to this court’s trial calendar, and (2) an order requiring the respondent to submit to a second blood grouping test.
On December 19, 1973, petitioner Carol B. commenced this paternity action against respondent Felder R. J. with respect to the child, Tara, born to petitioner on March 4, 1973.
Thereafter, at respondent’s request, a blood grouping test was ordered by the court on January 2, 1974 and was subsequently administered by Dr. Lester M. Fox. The results of the test, as analyzed by Dr. Fox, excluded respondent from being the father of the child.
Petitioner, unsatisfied with the results of the test, requested that the court order the respondent to submit to a second blood test. Judge Pagnucco, then presiding, denied petitioner’s application for a second test, stating: "Section 532 of the Family Court Act provides that the court on motion of respondent shall order the mother and her child and respondent to submit to a blood grouping test. There is no authority in this statute for the court to order a second test or indeed to order any test over the respondent’s objection.” (Matter of Brian v Johns, 78 Misc 2d 219, 220).
Judge Pagnucco further ordered that the action proceed to trial, whereupon respondent would produce Dr. Fox as a witness so that petitioner could cross-examine him concerning the nature and quality of the test methodology employed as well as the accuracy of the analysis and conclusion proffered.
Following more than three years of adjornments without commencement of trial, and after it became evident that illness on the part of petitioner’s attorney would further delay the onset of trial, the instant petition was dismissed without prejudice on August 30, 1977.
On May 1, 1978, petitioner submitted the instant motion for (1) an order vacating the prior dismissal and restoring the case to the court’s trial calendar, and (2) an order requiring respondent to submit to a second blood grouping test pursuant to the 1976 amended provisions of section 532 of the Family Court Act.
On May 25, 1978, respondent submitted answering papers opposing both parts of petitioner’s motion.
*1017 THE MOTION TO VACATE THE PRIOR DISMISSAL
Respondent opposes the petitioner’s motion to vacate the prior dismissal and recalendar the instant case solely on the grounds that the motion papers are defective in that (1) the petitioner’s only proper recourse is to proceed by service of a new summons and petition, and (2) the motion, even if procedurally proper, does not establish sufficient reason for this court to vacate the prior dismissal.
The court sees no reason, absent such limiting terms in the prior dismissal, to require petitioner to proceed by way of a second summons and petition. Moreover, while the court is aware of the lengthy delay in this case occasioned by numerous adjournments, it is noted that respondent’s counsel has acquiesced to these adjournments. Under these circumstances, the unfortunate occurrence of illness on the part of petitioner’s former attorney (which precipitated the dismissal) should not act to deprive petitioner of her day in court now that she has secured new counsel and states her readiness to proceed immediately to trial.
Accordingly, after due consideration of respondent’s articulated basis for resisting that portion of petitioner’s motion which seeks to vacate the prior dismissal and recalendar this case, and notwithstanding any affirmative defense which may have been available if raised by respondent, it is the judgment of the court that this portion of the motion be granted.
MOTION FOR A SECOND BLOOD TEST
The second portion of petitioner’s motion seeks a court order directing respondent to submit to a second blood grouping test. It is the judgment of the court that this part of petitioner’s motion also be granted.
Judge Pagnucco’s 1974 decision denying a second blood test was premised upon the then existing wording of section 532 of the Family Court Act which read, in pertinent part: "The court, on motion of the respondent, shall order the mother, her child and the respondent to submit to one or more blood grouping tests by a duly qualified physician”. (Emphasis added.) Accordingly, at that time, the court concluded it lacked the necessary statutory authority to order a second blood test at petitioner’s request and over respondent’s objection. However, in 1976, section 532 of the Family Court Act was amended to provide that the court order blood tests "on *1018 motion of any party”, and petitioner’s instant motion is thereby cast in a new light.
This court is hard pressed to contemplate any reason why petitioner’s motion should not be granted. Indeed, the directive of the present statutory provision section 532 of the Family Court Act to the effect that the court "shall order” a blood test on proper motion of any party effectively precludes judicial discretion in this matter and mandates that such an order issue. Compare with section 418 of the Family Court Act which provides that the court "may order” blood tests on the issue of paternity in a support proceeding, thereby making such a determination discretionary on the part of the court. (Schneider v Schneider, 72 Misc 2d 423.) Moreover, there is an additional basis for ordering a second blood test. This State, the first to authorize blood tests in disputed paternity cases (L 1935, chs 196, 197, 198) has long recognized the decisive evidentiary character of accurate exclusionary blood test results. (See, e.g., Clark v Rysedorph, 281 App Div 121.) Such exclusionary testing results, if reliably and accurately achieved, are not subject to varying expert interpretation nor are they colored by the personal interest and emotion which pervades testimonial evidence; rather, such results are firmly premised upon immutable laws of genetics and constitute scientific fact.
It is this nearly conclusive nature of exclusionary blood test results which requires this court to scrutinize carefully the testing methodology employed to assure that the results are reliable and trustworthy. Given the long passage of time since the blood test herein was conducted, the simplest and most reliable method of confirming its accuracy is through a second blood test performed by another doctor. This court is cognizant that multiple testing has, on occasion, disclosed erroneous initial findings of exclusion resulting from subpar testing procedures. (See, e.g., Torino v Cruz, 82 Miac 2d 684.)
Respondent’s argument that a second court-ordered blood test would be violative of his Fifth Amendment rights is devoid of merit. (See Schmerber v California, 384 US 757.)
Accordingly, petitioner’s motion is granted in its entirety; and it is
Ordered, that the prior dismissal of the instant case be vacated and that the case be returned to the calendar; and it is further
*1019 Ordered, that respondent submit to a second blood grouping test, for which petitioner will pay the fee.