OPINION OF THE COURT
Richard H. Farley, J.
In this proceeding under article 5 of the Family Court Act, paternity has been established by clear and convincing proof. The court finds that the respondent had intercourse with the mother over a sustained period of time and particularly during the time of conception. His testimony that he did not have intercourse with her during the summer of 1977 was not credible while admissions that he made to other members of her family were credible.
The child was born May 29, 1978 approximately two weeks overdue which would indicate conception during late August of that year. The respondent tried to establish that the petitioner may have had intercourse with another male but the court is satisfied that that male left the area for another State on or about July 17, 1978. Furthermore, such evidence is not competent or admissible under section 531 of the Family Court Act except when corroborated by other facts and circumstances tending to prove such access.
After the standard blood test was taken and did not exclude paternity, the respondent was given the opportunity to have the more reliable HLA blood test which he refused. At the hearing petitioner’s counsel requested *903 that the court make a finding that respondent’s refusal amounted to an admission or at the least a presumption that the HLA test would have been unfavorable to him. Prior to this year the courts have held that the results of blood-grouping tests are not admissible in evidence except when paternity was excluded. As recently as February 15, 1980 the Family Court of New York County in Jane L. v Rodney B. (103 Misc 2d 9) held that the petitioner was not entitled to have an HLA test over the objection of the respondent as it would appear that such tests were primarily for the bénefit of the putative father denying paternity. Since that time sections 418 and 532 of the Family Court Act have been amended by chapter 9 of the Laws of 1981, effective March 2,1981. The following language was added to both sections: “However, the results of the human leucocyte antigen blood tissue test may be received in evidence to aid in the determination of whether the alleged father is or is not the father except in cases where exclusion has already been established by other blood grouping tests.” (Italics supplied.) Thus, the Legislature of this State has indicated by clear and concise language that the test may be considered as affirmative evidence of paternity.
Petitioner’s motion is denied upon two grounds. First, in amending the first aforesaid sections, the Legislature could have established such a presumption by statute which it declined to do and this court is empowered only to interpret the law and not to make law by judicial decision. Secondly, section 532 of the Family Court Act provides that “The court, on motion of any party * * * shall order the mother, her child and the alleged father to submit to one or more blood grouping tests”. (Italics supplied.) Petitioner failed to make such motion prior to the hearing.