In the Matter of STANLEY J. KIMIECIK, on Behalf of CHERYL D., Respondent, v DARYL E., Appellant.

Third Department, June 17, 1982

APPEARANCES OF COUNSEL

*Stratton & Sullivan* (*Leonard W. Smith* of counsel), for appellant.

*Richard W. Breslin* for respondent.

OPINION OF THE COURT

SWEENEY, J.

This proceeding was commenced by the Chenango County Department of Social Services, by petition dated November 21, 1980, for a declaration of paternity of a child born December 8, 1979. At a hearing held on January 20, 1981, respondent requested that the human leucocyte antigen blood tissue (HLA) test be given and that the cost of the test be charged to the social services department. The court ordered that the least expensive blood test be given and that the social services department pay for the test. The court noted its doubt as to the effectiveness of the HLA test and expressed an unwillingness to expend additional moneys for such test. At the next scheduled hearing on

June 16, 1981, respondent again requested administration of the HLA test and the court again refused to have the test given and charged to the social services department. Testimony was then taken and the court, by order entered October 29, 1981, adjudicated respondent to be the father of the child. This appeal ensued.

Respondent initially argues that the court erred in summarily refusing his request for the HLA test primarily because the court did not want the cost of the test to be borne by the social services department. We agree. An amendment to section 532 of the Family Court Act, effective March 2, 1981, authorized the receipt into evidence of the results of the HLA test to aid in determining whether the alleged father is or is not the father except where exclusion has been established by other blood-grouping tests (L 1981, ch 9, § 2). This section also provides that the results of other blood-grouping tests are admissible only in cases where definite exclusion is established (Family Ct Act, § 532). In our view, the Legislature, through this 1981 amendment of section 532 of the Family Court Act, actively recognized the high degree of probative value of such test on the issue of paternity as it had been requested by several courts in this State (see, e.g., *Matter of Edward K. v Marcy R.*, 106 Misc 2d 506; *Jane L. v Rodney B.*, 103 Misc 2d 9; *Lascaris v Lardeo*, 100 Misc 2d 220; *Matter of Goodrich v Norman*, 100 Misc 2d 33). Not only is the HLA test highly accurate, but its use would avoid unnecessary litigation (see *Matter of Joanne O. v Andrew H.W.*, 87 AD2d 615). Considering the 1981 amendment to section 532 of the Family Court Act and the high degree of accuracy of the HLA test, we are of the opinion that unless preliminary blood-grouping tests exclude a respondent, the HLA test must be ordered at the request of a party (see Joint AMA-ABA Guidelines: Present Status of Serologic Testing in Problems of Disputed Parentage, 10 Fam LQ 247).

Section 532 of the Family Court Act also provides that if the alleged father is financially unable to pay for the costs of a test the court may direct any qualified public health officer to conduct the test, if practicable, or otherwise the court may direct payment from the funds of the social

services officer where the child is or is likely to be a public charge. In the present case, the court conducted no proceedings to determine respondent's financial ability to pay nor was any finding made concerning respondent's ability to pay. The court apparently assumed respondent's indigence and denied him the right to the HLA test on the basis that the social services department should not have been required to pay for the test. We believe, however, that the right to the HLA test should not be made to depend on the financial resources of the respondent (cf. *People ex rel. Van Epps v Doherty,* 261 App Div 86). Consequently, the court in the present case improperly denied respondent's request for an HLA test without first determining his financial ability to pay for the test. If it was determined that respondent was financially unable to pay for the test then the test should have been given by a qualified public health officer, if practicable, or otherwise have been paid for by the social services officer since the petition states that "the mother and/or child is [or is likely to become] a public charge". Accordingly, we must withhold our determination and remit the matter to the Family Court for a hearing and determination of respondent's financial ability to pay for the HLA test at the time he requested the court to order such test. If respondent was financially able to pay for the HLA test at the time and he chose not to have the test given, then the matter may be decided on the present record as to whether paternity was established to the point of entire satisfaction by clear and convincing evidence. If, however, it is found that respondent was financially unable to pay for the HLA test, then the test must be ordered and given either by a qualified public health officer, if practicable, or paid for by the Chenango County Social Services Department. In the event that the HLA test is required to be given, a new determination on the petition should be made.

The decision should be withheld, and the matter remitted to the Family Court of Chenango County for further proceedings not inconsistent herewith.

MAHONEY, P. J., MAIN, CASEY and YESAWICH, JR., JJ., concur.

Decision withheld, and matter remitted to the Family Court of Chenango County for further proceedings not inconsistent herewith.