■ In the Matter of RACHELLE L., Respondent, v BRUCE M., Respondent. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Nonparty Appellant. — Appeal from an order of the Family Court of St. Lawrence County (Follett, J.), entered December 4, 1981, which directed appellant to pay for an HLA blood tissue test in a paternity proceeding. In the instant paternity proceeding initiated by the mother of the child, she moved for an order pursuant to section 532 of the Family Court Act (as amd L 1981, ch 9, § 2) directing that the parties and the child submit to a human leucocyte antigen (HLA) blood tissue test and further asserted her financial inability to pay the cost thereof (estimated at about $300). The sole provision in section 532 concerning the burden for paying the costs of the test states that "[i]f the alleged father is financially unable to pay", the court may direct a public health officer to conduct the test if practicable and that otherwise the court may direct payment from its own funds unless the child is or is likely to be a public charge, in which case the cost may be imposed upon the county department of social services.[*] Absent from the statute is any provision where, as here, it is the petitioner mother who seeks the test and alleges financial inability. The explanation for this statutory gap is revealed by the legislative history. As originally enacted, section 532 only provided for an application by a respondent putative father to apply for a blood grouping test. This was consistent with the statutory framework of article 5 of the Family Court Act for two reasons. First, at the time, a putative father could not petition to establish paternity and, therefore, could only appear in an article 5 proceeding as a party respondent. Second, in its original form, section 532 only permitted the results of the blood test to be admitted in evidence when they excluded paternity. Since the objective of a blood test could, therefore, only be of benefit to a respondent putative father, it was not unreasonable for the Legislature to have limited the statutory provision for applications for such tests and the financial burden thereof to such respondents. In 1976, however, article 5 of the Family Court Act was amended to permit a putative father to petition in a filiation proceeding (L 1976, ch 665, § 6), and a conforming amendment to section 532 was made to permit either party to seek a blood test. In 1981, section 532 was further amended to authorize the court to direct the performance of the HLA test and to make the results admissible not only to exclude, but also to prove paternity. Unfortunately, through an apparent legislative oversight, the original provision of section 532, dealing with the cost of the test exclusively in terms of the alleged father, was left unchanged. The anomaly thus created was the dilemma facing the Family Court in the instant case. Moreover, the dilemma is of a constitutional dimension. Even before the enactment of the Family Court Act and its provision for relieving an indigent respondent of the cost of a blood test, we held that the right to such test was so fundamental that it could not be made dependent upon a party's financial resources (*People ex rel. Van Epps v Doherty,* 261 App Div 86). During the preceding term we held that an alleged father's right to an HLA test was similarly absolute, and remitted the case for a further hearing for a determination concerning his financial ability to pay for the test (*Matter of Kimiecik v Daryl E.,* 87 AD2d 284). In its present form, section 532 thus avails only an impecunious father of the fundamental right to an HLA test, but not a mother similarly situated. Since no rational basis has been advanced to justify this gender-based discrimination against the mother of a child in a paternity proceeding, a clear violation of the equal protection

[*] It is conceded that no such public health official is available to conduct the test in St. Lawrence County, nor does the Family Court itself have funds to pay for the test.

clause has been established (*Orr v Orr*, 440 US 268). All parties to this appeal agree that in order to avoid the constitutional infirmities in the literal meaning of section 532, the statute should be read expansively so as to include the improperly excluded class and thus preserve its constitutionality (*Matter of Lisa M. UU. v Mario D. VV.*, 78 AD2d 711; *Goodell v Goodell*, 77 AD2d 684, mot for lv to app den 51 NY2d 704). The Family Court's curative reconstruction of section 532 was to substitute for "the alleged father" in its provision for costs of the test, the phrase "the party seeking the test". Having then determined the mother's financial inability and the likelihood that the child would become a public charge, it imposed the cost of the test upon appellant department of social services. Appellant contends that the section should have been modified to provide that the cost of the test may be imposed upon either of the parties to the paternity proceeding, depending upon their relative financial circumstances, and that, therefore, Family Court erred in not inquiring into the respondent putative father's finances before imposing the cost of the test upon it, even though the father's paternity had not been adjudicated and he was not the party seeking the test. On balance, we think the Family Court's reconstruction of the statute was correct, as ·more consistent with and less violent to the original statutory purpose and in consonance with the general principle that the party seeking pretrial discovery of evidence bears the initial expense thereof (see, e.g., CPLR 3116, subd [d]). Thus, the party seeking the test, here the mother petitioner, is looked to in the first instance to bear the expense of the test, and that burden is shifted to the department of social services if that party meets the statutory criteria of financial need, without reference to the resources of the opposing party. In our view also, however, should the party seeking the test prevail by obtaining an adjudication of paternity, there is sufficient statutory authority to permit court-ordered reimbursement by respondent, in whole or in part, for the cost of the test expended by or on the prevailing party's behalf, as a disbursement in an award of counsel fees (Family Ct Act, § 536), or as an element of child support (Family Ct Act, § 545). While we thus agree with the Family Court's reconstruction of section 532, we think that the court too hastily shifted the burden of the cost of the test upon appellant department of social services without conducting a hearing to fully explore and determine the financial circumstances of the mother and child, and in which the department had the opportunity to participate (cf. *Matter of Kimiecik, supra*). Accordingly, the order of the Family Court imposing the cost of the HLA test upon the department of social services should be reversed, and the matter remitted for a hearing not inconsistent herewith. Order reversed, on the law, without costs, and matter remitted to the Family Court of St. Lawrence County for a further hearing consistent herewith. Mahoney, P. J., Sweeney, Casey, Mikoll and Levine, JJ., concur.