OPINION OF THE COURT
John E. Flemma, J.
Before the court is a petition dated August 19, 1981 by Bronwyn Meyer seeking a declaration of paternity, alleging that respondent Robert A. McKie is the father of her child, Alexis Rae Meyer, born out of wedlock May 17,1981. Several appearances were made in this matter with both parties being represented by counsel. A blood test was requested and had. A trial was held February 5, 1982 and at the conclusion of this trial, petitioner and her attorney discovered that the blood test was a red cell test and not an HLA (human leucocyte antigen) test.
Following trial, but before a decision was rendered, petitioner moved for an HLA test. Arguments were heard on the motion April 23, 1982 and an order requiring respondent tó submit to the HLA test was entered on June 4, 1982. An appearance by the parties and their attorneys was made November 5, 1982, at which time it was noted that the respondent had refused to comply with the order of the HLA test. The matter was adjourned to November 19, 1982 to give the respondent time to reconsider taking the HLA test. On the adjourned date, there was no change in the situation in that no test had been taken, and respon *852 dent categorically refused to submit to the HLA test. At that time, the petitioner moved for counsel fees. The court will now render its decision on the issue of paternity.
In order to make a finding of paternity, the petitioner must demonstrate such by clear and convincing evidence.
The record indicates that the child was a full term baby, thus the court can assume that period of conception was in August of 1980. Petitioner has testified that she had sexual intercourse with the respondent on the nights of August 25 and August 26, 1980, and with no one else during the period of conception.
The respondent, while admitting intercourse prior to the period of conception, denies having had sexual relations with petitioner after the end of May, 1980.
Petitioner’s testimony indicates that she left her watch at the respondent’s home at the time of the alleged August encounter and that the watch was returned the next day by her friend, Anne Hartman. Petitioner’s witness Anne Hartman testified that the respondent gave petitioner’s watch and a book to her (Anne Hartman) for return to petitioner. This apparently happened at the end of August, although the witness did not remember the exact date.
The respondent offered no explanation as to his connection with the watch, when it was received or why it was returned at the end of August, especially since he claims to have ended his relationship with the petitioner at the time of the Field Days in July. The testimony about the watch by petitioner’s witness, and the lack of any refuting testimony on the part of the respondent, tends to support the petitioner’s explanation of the events at the end of August, 1980.
Of even greater importance to this case is the refusal of the respondent to take a court-ordered HLA test. This court order was never appealed. Because of the refusal to take the test, this court is without an important piece of evidence. There are, however, remedies for failure to disclose such evidence.
An order under section 532 of the Family Court Act is like an order to disclose under the CPLR. Section 165 of the Family Court Act provides that when the act provides no *853 procedure, the CPLR applies. CPLR 3126 sets forth alternative remedies for refusal to comply with an order to disclose, and is applicable in the instant situation. (Matter of Reid v White, 112 Misc 2d 294.) It should be noted that the instant situation is distinguishable from that in Moon v Crawson (109 Misc 2d 902). In that case the court refused to draw a negative inference from the respondent’s refusal to take an HLA test. Unlike the instant case, no court order was made and violated. Also, here, the court is not inferring from the respondent’s refusal a “guilty conscience” so to speak, which refusal itself might be considered testimonial in nature and protected by section 531 of the Family Court Act which states that the respondent shall not be compelled to testify.
Instead, the court will apply the remedy authorized in CPLR 3126 (subd 1). It orders that the issues to which the information is relevant are deemed resolved in accordance with the claims of the petitioner. That is, if the HLA test was taken, it would tend to indicate that the respondent is the father of the child.
Thus, the petitioner, by clear and convincing evidence, has shown that the respondent is the father of her child, Alexis Rae Meyer.
An order of filiation will be entered accordingly.
At this time, no order for counsel fees will be made as there is no indication that the petitioner is unable to afford such fees (as required in section 536 of the Family Court Act).
The court will schedule a hearing to determine the amount of support to be paid by the respondent.