OPINION OF THE COURT
Judith Sheindlin, J.
This paternity proceeding, under article 5 of the Family Court Act, was instituted in 1980. To date there has not been a hearing on the merits of this case.
In a decision dated October 14, 1982, the Honorable Gertrud Mainzer directed that the parties submit to a human leucocyte antigen (HLA) test pursuant to section 532 of the Family Court Act and scheduled a court appearance for the purpose of fixing the date, time and place of the test.
Parties and attorneys were duty notified and on February 8,1983 the petitioner, her attorney and the respondent appeared. The respondent’s attorney was not present -nor was there a representative in court to explain his nonappearance.
This court, pursuant to the order of Judge Mainzer, directed that the parties arrange for the HLA test before leaving the courthouse and set a trial date for April 11, 1983. The petitioner appeared for the test as scheduled. The respondent failed to appear.
Based on the entire record of this case, the court finds that the respondent is attempting to frustrate the order of Judge Mainzer by failing to appear for the HLA test which is preliminary to the fact-finding process.
*769 The issue presented by this motion is what remedy is available to the court to ensure that this case proceeds to a hearing and, in addition, to ensure that petitioner is not prejudiced in presenting her case by respondent’s failure to comply with the court order to submit to the HLA test.
Subdivision (a) of section 532 of the Family Court Act provides in part — “The court shall advise the parties of their right to a blood test and, on motion of any party, shall order the mother, her child and the alleged father to submit to one or more blood grouping tests”.
Although no specific remedy for noncompliance is provided by this statute, the Legislature could not have intended to render the courts impotent in the face of failure to comply with an order for the HLA test mandated by section 532 of the Family Court Act.
Clearly, the respondent could be found in contempt of the court’s order and incarcerated. (See Judiciary Law, § 750, subd 3; People v Gomez, 108 Misc 2d 480.) This court, however, rejects this option as it fails to address the ultimate objective which is the swift disposition of this case, which is now pending for almost three years, by affording the petitioner a trial on the merits.
There is also authority, in criminal proceedings, to support the proposition that blood samples taken over the objection of the defendant may be allowed into evidence. (See Schmerber v State of California, 86 S Ct 1826; Breithaupt v Abram, 77 S Ct 408; CPL 240.40 [which allows the court in a criminal action to order the taking of blood samples from defendant for purposes of discovery].)
The court finds, however, that the least onerous alternative, and the one which assures that this case will proceed to trial with dispatch, is that which permits the trial court to draw an inference from a party’s failure to produce evidence solely within his control. The inference to be drawn is that the evidence, had it been produced, would be most favorable to the other party. (See Noce v Kaufman, 2 NY2d 347; Chase Manhattan Bank [Nat. Assn.], Bank Americard Div. v Hobbs, 94 Misc 2d 780; see, also, South Dakota v Neville, 459 US _,51 USLW 4148 [where the *770 United States Supreme Court upheld the use of a defendant’s refusal to submit to a blood-alcohol test as evidence of guilt].)
The results of the HLA test may be received by the court as evidence in a paternity proceeding. Subdivision (a) of section 532 of the Family Court Act provides that the HLA test “may be received in evidence to aid in the determination of whether the alleged father is or is not the father”.
The court finds that by refusing to submit to the test the respondent is withholding evidence which is solely within his control. Thus, at the trial of this case, the court will permit the petitioner to introduce evidence that the respondent failed to appear for the court-ordered HLA test, and, further, the court will draw an inference that the results of the test, if taken, would have been most favorable to the petitioner’s case.
The application for attorney’s fees is held in abeyance pending the conclusion of the trial on the merits scheduled for April 11, 1983.