■ CAROLANNE FITZGERALD, Appellant, v JOHN TAMOLA, Respondent. [605 NYS2d 67] —Order, Family Court, New York County (Bruce Kaplan, J.), entered on September 10, 1992, which, after a hearing, dismissed, with prejudice, the paternity petition dated December 12, 1991, seeking to establish that respondent John Tamola is the father of the infant child, Katherine Fitzgerald, unanimously reversed, on the law and the facts, without costs, the paternity petition is granted, respondent is adjudged the father of Katherine Fitzgerald, and the matter is remanded for a hearing on the issue of child support.

Respondent failed to appear for blood testing, ordered by the court, subsequently presenting a physician's letter that he was on antibiotics at the time of the scheduled test. The court then ordered him to appear for testing ten weeks later and to pay the laboratory fee therefor; but he refused to remain for the test, stating that he could not afford the fee. He rejected petitioner's offer to pay for his test.

Petitioner made a motion to dismiss respondent's answer, to have him held in default of the court's order and declared the child's father, and for an order of support. That motion was denied and a hearing held. Petitioner presented uncontradicted testimony that she had had a sexual relationship with respondent, having sex with him approximately once a week, from October 1988 until she told him in early 1991, that she was pregnant; that during that time she did not date anyone else; specifically that she had not had sex with anyone else during the six-month period before she became pregnant; that she sometimes did not use a birth control device; that at no time did he use one; and that the child was born on November 12, 1991.

Respondent did not testify and, when the court offered him an opportunity to say whether or not he was the father of the child, he declined to do so.

Evidently because the court believed that specific evidence was not presented that the parties had had intercourse "at the time critical to the conception of the child," because there was no reference to missing a menstrual period or to the interaction of the parties when the pregnancy became known (although petitioner testified that she never saw him again after she told him she was pregnant), and because of the court's

limited inference from respondent's failure to submit to blood testing, i.e., that the blood test would not have excluded respondent's paternity, the court found that there was a lack of clear and convincing evidence of paternity and it dismissed the petition.

That was clearly error. Uncontradicted evidence showing an exclusive sexual relationship encompassing the period of conception mandates a finding of paternity *(Matter of Commissioner of Social Servs. of County of Erie v Ruh,* 161 AD2d 1137; *Matter of St. Lawrence County Dept. of Social Servs. v Robert A.,* 100 AD2d 694). Moreover, where in a civil case an adversary withholds evidence in his control that would be likely to support his version of the case, the strongest inferences against him which the opposing evidence permits may be drawn *(Noce v Kaufman,* 2 NY2d 347, 353). That rule is properly applicable when a putative father refuses to submit to a blood test in a paternity proceeding *(Matter of Molly M. v Edwin F.,* 118 Misc 2d 768 [Fam Ct, Bronx County]). In the instant case the Family Court did not make the strongest inference which the opposing evidence permitted. For his refusal to take a blood test which could show it to be " 'extremely likely' " that respondent was the father *(Matter of Discenza v Dann OO.,* 148 AD2d 196, 200, *lv dismissed* 75 NY2d 765) the court made only the minimal inference that the blood test could not exclude his paternity. The strongest inference would be, as permitted by CPLR 3126, to deem the issue resolved for purposes of the action against the party refusing to take the test. That course was followed in *Matter of Meyer v McKie* (117 Misc 2d 851, 853 [Fam Ct, Oneida County]) where, noting that if the blood test had been taken it could have indicated that the respondent was the father of the child, the court held that the petitioner had shown such paternity by clear and convincing evidence *(accord, Matter of Reid v White,* 112 Misc 2d 294 [Fam Ct, Onondaga County]). Concur—Murphy, P. J., Ellerin, Wallach, Kassal and Nardelli, JJ.