■ In the Matter of A.C.S. CHILD SUPPORT LITIGATION UNIT, Respondent, v DAVID S., Appellant. [821 NYS2d 172]—

Order, Family Court, New York County (M. Jay Segal, Referee), entered on or about March 14, 2005, which denied appellant putative father's motion to vacate an order of filiation entered on default, unanimously affirmed, without costs.

First of all, appellant failed to show excusable default. Notwithstanding his three-year prison sentence, the paternity proceeding, including the order to take a DNA test, was commenced more than five months before appellant was incarcerated. He already was aware of the proceeding, and his conclusory statements that he did not know he could seek assistance while incarcerated are not credible. It is also noteworthy that appellant waited almost three months after he was released before making the within motion.

Appellant also failed to raise a meritorious defense. He adduces no evidence to contradict the mother's sworn testimony in the prior proceedings that she had sexual relations only with him during the likely period of conception (*see Fitzgerald v Tamola*, 199 AD2d 122 [1993]). His "doubt" that he is the subject child's father, based on hearsay neighborhood rumors and his having been told he is not the father by the child's present custodian (the sister of the child's recently deceased mother), does not constitute contradictory evidence. The aunt certainly did not say anything at the hearing on appellant's motion that could be understood as an admission that he is not the father, or indeed that she had knowledge on the issue of his

paternity one way or the other. Significantly, appellant never denied having sexual relations with the child's mother in the critical time frame. Concur—Tom, J.P., Mazzarelli, Marlow, Nardelli and Sweeny, JJ.