■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of HASIME C., Respondent, v KASTRIOT D., Appellant. [956 NYS2d 52]—

Respondent failed to demonstrate a reasonable excuse for his default (*see* CPLR 5015 [a] [1]). Before the date of the support hearing, respondent was present in court and advised that he needed to document his financial condition on the next court date or the support order would be based on the children's needs on a public assistance budget, pursuant to Family Court Act § 413 (1) (k). Nonetheless, respondent failed to appear at the support hearing. Although he was incarcerated at the time of the hearing, he took no action to notify the court of his unavailability (*see Matter of A.C.S. Child Support Litig. Unit v David S.*, 32 AD3d 724, 724 [1st Dept 2006]).

Respondent also failed to present a meritorious defense (*see Matter of Tyieyanna L. [Twanya McK.]*, 94 AD3d 494, 494 [1st Dept 2012]), since he never established his income for the period before the date of the default order.

The court correctly declined to cancel, reduce or otherwise

modify the child support arrears that accrued before respondent's filing of an application for that relief (*see* Family Ct Act § 451 [1]; *see Matter of Dox v Tynon*, 90 NY2d 166, 173-174 [1997]). A grievous injustice does not result from this determination, as respondent's financial hardship was the result of his wrongful conduct leading to his incarceration (*see Matter of Knights v Knights*, 71 NY2d 865, 866-867 [1988]).

We have considered respondent's remaining contentions and find them unavailing. Concur—Tom, J.P., Sweeny, DeGrasse, Manzanet-Daniels and Clark, JJ.