Matter of Oneida County Dept. of Social Servs. v Russell R. (2019 NY Slip Op 06892)





Matter of Oneida County Dept. of Social Servs. v Russell R.


2019 NY Slip Op 06892


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


778 CAF 18-01132

[*1]IN THE MATTER OF ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT,
v
RUSSELL R., RESPONDENT-APPELLANT. 






PETER J. DIGIORGIO, JR., UTICA, FOR RESPONDENT-APPELLANT.
PETER M. RAYHILL, COUNTY ATTORNEY, UTICA (DENISE J. MORGAN OF COUNSEL), FOR PETITIONER-RESPONDENT.


 Appeal from an order of the Family Court, Oneida County (Julia Brouillette, J.), entered March 6, 2018 in a proceeding pursuant to Family Court Act article 5. The order denied the application of respondent seeking to vacate an order of filiation dated June 7, 1999. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent father appeals from an order that denied his application seeking to vacate an order of filiation entered upon his default. We affirm.
The determination whether to vacate an order entered upon a default is left to the sound discretion of the court (see Matter of Troy D.B. v Jefferson County Dept. of Social Servs., 42 AD3d 964, 965 [4th Dept 2007]), and we conclude that Family Court did not abuse its discretion here. " Pursuant to CPLR 5015 (a) (1), a court may vacate a judgment or order entered upon default if it determines that there is a reasonable excuse for the default and a meritorious defense' " (Matter of Shehatou v Louka, 145 AD3d 1533, 1534 [4th Dept 2016]). "Although default orders are disfavored in cases involving the custody or support of children, and thus the rules with respect to vacating default judgments are not to be applied as rigorously in those cases . . . , that policy does not relieve the defaulting party of the burden of establishing a reasonable excuse for the default or a meritorious defense" (id. [internal quotation marks omitted]).
With respect to whether there was a reasonable excuse for the default, the father's assertions that he was never served with the underlying summons and petition for paternity and that he was unaware that he needed to appear at the hearing on the petition are belied by the record. The process server's affidavit of personal service establishes that she personally served the father at an address in Florida, which he later acknowledged in a letter to the court was his correct home address. Thus, the father's "conclusory and unsubstantiated denial of service of the underlying [summons and] petition lacked the factual specificity necessary to rebut the prima facie proof of proper service established by the process server's affidavit of service" (Matter of Orange County Dept. of Social Servs. v Germel Y., 101 AD3d 1019, 1020 [2d Dept 2012], lv dismissed 20 NY3d 1086 [2013]). Furthermore, the summons expressly stated that his failure to appear at the hearing would result in the default entry of an order of filiation. The father was thus on notice of his need to attend the hearing, and his conclusory statements that he did not understand the laws and rules of New York are not credible (see Matter of A.C.S. Child Support Litig. Unit v David S., 32 AD3d 724, 724 [1st Dept 2006]). To the extent the father contends that his incarceration in Florida limited his ability to contact the court prior to the hearing, we note that the paternity proceeding was commenced approximately one year before he was incarcerated.
Moreover, in order to support his claim of a meritorious defense, the father was "required to set forth sufficient facts [or legal arguments] to demonstrate, on a prima facie basis, that a defense existed" (Matter of Strumpf v Avery, 134 AD3d 1465, 1466 [4th Dept 2015] [internal quotation marks omitted]), but he failed to do so. His speculative assertion that he may not be the child's father because the mother worked in a strip club around the time of conception is insufficient (see id.; see also A.C.S. Child Support Litig. Unit, 32 AD3d at 725).
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court