■ Patricia M. Hines, Respondent-Appellant, v Douglas W. Hines, Appellant-Respondent.—Appeals unanimously dismissed, without costs. Memorandum: Prior to the trial of this matrimonial action, the parties entered into a stipulation by which defendant agreed to withdraw his answer to the complaint and to default in appearing, and plaintiff agreed to seek no maintenance and accept $80 per week child support when she obtained the divorce. At trial, neither defendant nor his attorney appeared. The court heard proof from plaintiff and found the stipulated support unconscionable on its face and awarded $100 per week child support and $50 per week maintenance. Defendant appeals and plaintiff cross-appeals.

The appeal must be dismissed, as no appeal lies from a default judgment (CPLR 5511; *Baecher v Baecher,* 95 AD2d 841, 842; *K & S Installations v Dart Mechanical Corp.,* 80 AD2d 601; *Perlmutter v Perlmutter,* 65 AD2d 601). Defendant's remedy is to move to vacate the default judgment and, if the motion is denied, to appeal the order denying the motion *(Morse v Morse,* 67 AD2d 750; *see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5511, p 106).

The cross appeal similarly must be dismissed. The court gave plaintiff more than she asked for, and thus she is not an "aggrieved party" within CPLR 5511 *(see, Tongue v Tongue,* 61 NY2d 809).

Were we to reach the merits of the appeal, we would conclude that the court erred. Defendant had served an answer and participated in pretrial proceedings. His default was predicated on the stipulation rejected by the court. Under these circumstances, the court should have adjourned the case and permitted the parties to submit proof prior to awarding an amount different from that agreed to by the parties. (Appeals from judgment of Supreme Court, Oneida County, Tenney, J.—divorce.) Present—Dillon, P. J., Doerr, Green, Pine and Lawton, JJ.