■ 55 LIBERTY STREET ASSOCIATES, Respondent, v GARRICK-AUG ASSOCIATES STORE LEASING, INC., Defendant, and BROTHERS GOURMET COFFEES, INC., Appellant. [681 NYS2d 17] —Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered June 23, 1997, awarding plaintiff $128,540.16 in damages for back rent upon the grant of plaintiff's motion for summary judgment, unanimously reversed, on the law, without costs or disbursements, the judgment vacated, the motion for summary judgment denied and the matter remanded to Justice Greenfield for further proceedings. Appeal from the order of the same court and Justice, entered June 3, 1998, insofar as it denied defendant's motion to renew, unanimously dismissed, without costs or disbursements, as academic.

In this action to recover rent under a commercial lease with respect to a portion of the premises at 41-47 Nassau Street, in New York City, the defendant-tenant alleges that the plaintiff-landlord fraudulently concealed the fact that the demised premises had landmark status, which would have prohibited the tenant's proposed alterations of the premises. The tenant further alleges that the demolition plan was annexed to and made part of the lease. The tenant alleges that in reliance on the landlord's approval of the demolition plan, it executed the lease. The landlord claims that the demolition plan was never part of the lease. Approximately three months later, according to the tenant, its architect discovered that the premises had been designated as a landmark and that the exterior demolition as contemplated by the plan was prohibited. The tenant then notified the landlord that the lease was null and void and refused to pay rent. The lease required the tenant, not the landlord, to obtain approval for any alterations to the premises and to pay rent irrespective of whether permits had been

obtained. It also contained the tenant's acknowledgment that the landlord had not made any representations, statements or warranties with respect to the premises which, as reflected by the lease, the tenant accepted "in the existing condition and state of repair."

After commencing this action to recover rent due under the lease and prior to any discovery having taken place, the landlord moved for summary judgment, which the IAS Court granted. In so ruling, the court found that there was no corroboration of the tenant's assertion that the demolition plan was attached to the final version of the lease or that the Landmarks Preservation Commission would not have permitted the planned exterior demolition. Judgment in the sum of $128,540.16 was thereafter entered in favor of the landlord.

Approximately two months before the IAS Court's determination, in a related case in which the landlord sought the restitution of brokerage fees alleged to have been mistakenly paid to the broker who secured the defendant as a tenant for the subject premises, Justice Greenfield of the Supreme Court, New York County, had denied the landlord's motion for summary judgment, finding a factual issue as to whether the landlord had committed a fraud by failing to disclose the premises' landmark designation. That court also granted consolidation of the two related actions to insure against inconsistent verdicts. Noting Justice Greenfield's earlier decision, the IAS Court nonetheless granted summary judgment to the landlord, pointing to Justice Greenfield's acknowledgment that the two cases involved different contracts. What the IAS Court failed to consider, however, was Justice Greenfield's holding that the two actions "share a core factual issue: whether [the landlord] was at fault for omitting to reveal to [the tenant] that the premises were designated a landmark, in which case [the tenant] would have been entitled to rescind its lease." Accordingly, we reverse.

Inasmuch as this action had already been consolidated with the brokerage commission case before Justice Greenfield, a circumstance of which the IAS Court was aware, the matter was no longer before it and the landlord's motion should have been referred to Justice Greenfield, who had before him the consolidated actions. Moreover, assuming jurisdiction to determine the motion, the IAS Court, pursuant to the law of the case doctrine, which requires courts to defer to the determinations, either express or implied, of courts of co-ordinate jurisdiction (*see, Martin v City of Cohoes*, 37 NY2d 162, 165), should have deferred to Justice Greenfield's prior determination.

We do not reach and take no position as to the merits of the landlord's summary judgment motion in the within action. Concur—Sullivan, J. P., Nardelli, Rubin, Tom and Mazzarelli, JJ.