■ In the Matter of EVELYN B., Alleged to be the Child of a Mentally Ill or Mentally Retarded Parent. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MELINDA E., Appellant. [830 NYS2d 804]—

**Mugglin, J.** Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered May 25, 2006, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Evelyn B. the child of a mentally ill parent, and terminated respondent's parental rights.

Respondent is the mother of Evelyn B. (born in 2004). The child, who has been in the protective custody of petitioner since she was one day old, was adjudicated to be neglected by respondent in March 2005. Petitioner instituted the present proceeding, seeking to terminate respondent's parental rights, alleging either mental illness or mental retardation (*see* Social Services Law § 384-b). Following an extensive hearing, Family Court terminated respondent's parental rights based largely upon the testimony of the court's appointed clinical psychologist who concluded that respondent suffered from a mental illness which prevented her, now and for the foreseeable future, from being able to provide appropriate and proper care for the child. Respondent appeals.

We affirm. Parental rights may be terminated if it is established by clear and convincing evidence that respondent is "presently and for the foreseeable future unable, by reason of mental illness . . . to provide proper and adequate care for a child who has been in the care of an authorized agency for the period of one year immediately prior to the date on which the petition is filed in the court" (Social Services Law § 384-b [4] [c]; *see Matter of Michael WW.*, 29 AD3d 1105, 1106 [2006]; *Matter of Ashley L.*, 22 AD3d 915, 916 [2005]).

According the required deference to Family Court's credibility and fact-finding determinations, we conclude that the record contains clear and convincing evidence supporting Family Court's determination regarding respondent's present and future parenting abilities given her mental illness. The court-appointed forensic evaluator, a licensed psychologist, testified on behalf of petitioner. He concluded, based upon his two interviews with respondent, an extensive evaluation of respondent, an examination of petitioner's files, respondent's mental

health records and numerous fact-gathering interviews with third parties, that respondent suffers from an untreatable learning disorder, not otherwise specified, and a mixed personality disorder with antisocial, borderline, narcissistic and histrionic traits. In view of the severity of respondent's personality disorder and her inability to admit the existence of any mental health problems, together with her refusal to take personal responsibility for her lack of parenting skills, the expert opined that the possibility of any significant improvement in respondent's mental illness was extremely low. In opposition, respondent presented the testimony of her treating therapist, a clinical social worker with a Master's degree in social work, who concluded that, following a year-long therapeutic course, respondent's condition may possibly improve to the point where she could adequately parent the child and that such improvement was already evident as a result of the current therapeutic sessions.

Not only is the possibility of improvement in parenting skills an insufficient predicate upon which to overturn Family Court's determination (*see Matter of Anthony K.*, 17 AD3d 732, 733 [2005]; *Matter of Trebor UU.*, 295 AD2d 648, 649-650 [2002]), we also find no basis to disturb Family Court's determination to give more credence to the conclusions of the court-appointed psychologist. Respondent's therapist only worked with respondent on her anger management and social inappropriateness issues and her testimony regarding respondent's improvement was based largely on respondent's self-reporting. Accordingly, we find no basis upon which to disturb Family Court's determination regarding respondent's present and future lack of parenting skills directly resulting from her mental illness.

As a final matter, Family Court's refusal to qualify respondent's therapist as an expert in psychology has a substantial and adequate basis in the record (*see Werner v Sun Oil Co.*, 65 NY2d 839, 840 [1985]). Whether a witness may testify as an expert rests in the sound discretion of the court and, here, given respondent's therapist's lack of education or experience in the field of psychology, no abuse is discerned (*see Madden v Dake*, 30 AD3d 932, 937 [2006]).

Mercure, J.P., Crew III, Spain and Rose, JJ., concur. Ordered that the order is affirmed, without costs.