█ In the Matter of CHARLES FF. and Another, Alleged to be the Children of a Mentally Retarded and Mentally Ill Parent. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MITZI E., Appellant. [844 NYS2d 455]—

Mugglin, J. Appeal from an order of the Family Court of Columbia County (Nichols, J.), entered January 9, 2007, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be the children of a mentally retarded and mentally ill parent, and terminated respondent's parental rights.

Petitioner brought this proceeding approximately 18 months after respondent voluntarily placed her two sons (born in 1998 and 2000) with petitioner. Family Court granted the petition

finding that respondent cannot provide proper care for her children by reason of mental illness and mental retardation (*see* Social Services Law § 384-b) and terminated her parental rights. Respondent appeals arguing that petitioner's evidence was legally insufficient to establish that her mental condition renders her incapable of properly parenting her children and that terminating her parental rights is contrary to the children's best interests. As we are unpersuaded by these arguments, we affirm.

Respondent's argument that there is insufficient evidence of mental retardation or illness is premised on petitioner's expert having testified that proper medication might ameliorate some of respondent's problems. The expert's unrefuted testimony was, in substance, that in addition to testing in the borderline range of intellectual limitation, respondent suffers from panic disorder with agoraphobia and borderline personality disorder, and only the panic disorder might successfully be treated if respondent could physically tolerate the medication. Not only would medication provide only a partial solution, the possibility that respondent's condition may improve in the future is insufficient to overturn Family Court's determination (*see Matter of Trebor UU.*, 295 AD2d 648, 650 [2002]). According deference to Family Court's determinations with regard to credibility and fact finding (*see Matter of Evelyn B.*, 37 AD3d 991, 992 [2007]; *Matter of Michael WW.*, 29 AD3d 1105, 1106 [2006]), we conclude that clear and convincing medical evidence supports its decision that respondent is "presently and for the foreseeable future unable, by reason of mental illness or mental retardation, to provide proper and adequate care for" her children (Social Services Law § 384-b [4] [c]; *see Matter of Evelyn B.*, 37 AD3d at 992; *Matter of Michael WW.*, 29 AD3d at 1106).

Next, respondent's argument that termination of her parental rights was not in the best interests of the children is based on the existing bond between respondent and her children, the possibility that her condition might improve, the Law Guardian's opposition to immediate termination of parental rights and the lack of evidence concerning the children's adoption prospects. First, as we have already observed, while respondent's panic disorder might improve with medication, the evidence establishes that her personality disorder is largely untreatable and that her IQ will not increase. Second, Family Court correctly denied the Law Guardian's request for a suspended judgment as there is no statutory authority for such a resolution in this type of case (*see Matter of Sarah-Beth H.*, 34 AD3d 242, 243 [2006]). Third, the record convincingly demonstrates respon-

dent's inability to parent the children, making it in their best interests to be freed for a permanent home, despite the existence of the bond between parent and children (*see e.g. Matter of Joyce T.*, 65 NY2d 39 [1985]). Finally, parental rights may be terminated even though no adoptive home has yet been found (*see Matter of Peter GG.*, 33 AD3d 1104, 1105 [2006]).

Cardona, P.J., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.