# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**618**

**CAF 13-02017**

PRESENT: SMITH, J.P., CARNI, LINDLEY, VALENTINO, AND WHALEN, JJ.
---

IN THE MATTER OF BARBARA MAJUK, PETITIONER-RESPONDENT,

V                                        MEMORANDUM AND ORDER

ANTHONY CARBONE, RESPONDENT-APPELLANT.

---

JENNIFER M. LORENZ, LANCASTER, FOR RESPONDENT-APPELLANT.

ELIZABETH CIAMBRONE, BUFFALO, FOR PETITIONER-RESPONDENT.

JOSEPH C. BANIA, ATTORNEY FOR THE CHILD, BUFFALO.

---------------------------------------------------------------------------------

Appeal from an order of the Family Court, Erie County (Paul G. Buchanan, J.), entered October 22, 2013 in a proceeding pursuant to Family Court Act article 6.  The order terminated respondent's visitation with the subject child.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, and the matter is remitted to Family Court, Erie County, for further proceedings in accordance with the following memorandum:  Petitioner mother commenced this proceeding pursuant to Family Court Act article 6, and she subsequently filed an amended petition seeking an order directing that respondent father's visitation with the subject child be supervised by an appropriate agency.  The father appeals from an order that sua sponte directed that he was to have no further contact or visitation with the child.  We conclude that Family Court erred in sua sponte granting relief that was not requested by the parties or the Attorney for the Child (*see Matter of Myers v Markey*, 74 AD3d 1344, 1345; *see also Matter of Joseph P.*, 106 AD3d 1548, 1551; *see generally Kernan v Williams* [appeal No. 2], 125 AD3d 1440, 1441, *lv denied* ___ NY3d ___ [May 1, 2015]).  We therefore reverse and remit the matter to Family Court for further proceedings on the amended petition.

Initially, insofar as the brief of the mother may be read to advance the contention that the father may not appeal because he defaulted in the hearing court by failing to appear for a scheduled court appearance, we reject that contention.  Although no appeal lies from an order entered on default (*see generally Hines v Hines*, 125 AD2d 946, 946), the record reflects that the father's attorney appeared on his behalf, and it is well settled that " '[a] party who is represented at a scheduled court appearance by an attorney has not failed to appear' " (*Matter of Manning v Sobotka*, 107 AD3d 1638, 1639; *see Matter of Avdic v Avdic*, 125 AD3d 1534, 1536; *Matter of Bradley*

*M.M. [Michael M.-Cindy M.]*, 98 AD3d 1257, 1258; *Matter of Isaiah H.*, 61 AD3d 1372, 1373).

Next, we note the well-settled proposition that " '[n]o appeal lies as of right from an order [that] does not decide a motion made on notice' " (*Matter of Mary L.R. v Vernon B.*, 48 AD3d 1088, 1088, *lv denied* 10 NY3d 710; *see Sholes v Meagher*, 100 NY2d 333, 335; *Matter of White v Wilcox*, 109 AD3d 1145, 1146, *lv dismissed in part and denied in part* 22 NY3d 1085, 1086). Here, although the father did not seek leave to appeal from the court's sua sponte determination to permanently deprive him of all contact and visitation with his child, we exercise our discretion to treat his notice of appeal as an application for leave to appeal, and we grant the application in the interest of justice (*see* CPLR 5701 [c]; *see e.g. Vogelgesang v Vogelgesang*, 71 AD3d 1132, 1133; *Matter of Walker v Bowman*, 70 AD3d 1323, 1323-1324).

With respect to the merits, we agree with the father that the order must be reversed (*see Myers*, 74 AD3d at 1345). The amended petition sought supervised visitation, but the court permanently terminated the father's access to the child, instead. The record establishes that the parties had no notice that such an order might be issued, and that they were not afforded an opportunity to address the necessity for such an order.

We have considered the remaining contentions of the parties and conclude that they are without merit or are academic in light of our determination.

Entered: June 12, 2015                              Frances E. Cafarell
                                                    Clerk of the Court