# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1421**
**CAF 14-00811**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

---

IN THE MATTER OF MEGAN M. STRUMPF,
PETITIONER-RESPONDENT,

V                                          MEMORANDUM AND ORDER

STEVEN A. AVERY, JR., RESPONDENT-APPELLANT.

---

ELIZABETH CIAMBRONE, BUFFALO, FOR RESPONDENT-APPELLANT.

DENIS A. KITCHEN, JR., WILLIAMSVILLE, FOR PETITIONER-RESPONDENT.

DAVID H. FRECH, ATTORNEY FOR THE CHILDREN, BUFFALO.

---------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Deborah A. Haendiges, J.), entered March 19, 2014 in a proceeding pursuant to Family Court Act article 6. The order denied the motion of respondent to vacate a default order.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order denying his motion to vacate an order, entered upon his default, that awarded petitioner mother sole custody of the parties' children and limited the father's contact with the children to agency-supervised visitation. We conclude that Supreme Court properly denied the father's motion.

"Although default orders are disfavored in cases involving the custody or support of children, and thus the rules with respect to vacating default judgments are not to be applied as rigorously in those cases . . . , that policy does not relieve the defaulting party of the burden of establishing a reasonable excuse for the default" or a meritorious defense (*Matter of Roshia v Thiel*, 110 AD3d 1490, 1491, *lv dismissed in part and denied in part* 22 NY3d 1037 [internal quotation marks omitted]; *see Matter of Cummings v Rosoff*, 101 AD3d 713, 714). Here, the father established neither.

Although the father contended that he did not appear in court because he never received notice of the proceedings, text messages that he sent to the mother establish that his failure to appear in court "was willful and intentional" (*Matter of Silverman v Reid*, 259 AD2d 550, 551; *see Matter of Burns v Carriere-Knapp*, 278 AD2d 542, 544). Moreover, the father's claim that he never received notice of

the court date is belied by his attorney's statements that he was "noticed" and the court's statement that the notice it mailed to the father was not returned (*see Matter of Colin D. v Latoya A.*, 132 AD3d 438, 438).  Even assuming, arguendo, that the father established a reasonable excuse for his default based on the fact that he had changed residences several times and thus may not have received notice (*cf. Dudley v Steese*, 228 AD2d 931, 931-932), we conclude that the father failed to establish a meritorious defense.

In order to support his claim of a meritorious defense, the father was "required 'to set forth sufficient facts [or legal arguments] to demonstrate, on a prima facie basis, that a defense existed' " (*Matter of Susan UU. v Scott VV.*, 119 AD3d 1117, 1118), but he failed to do so.  His bare assertion that he had a meritorious defense without stating the facts or legal arguments to establish that defense is insufficient (*see Matter of Atkin v Atkin*, 55 AD3d 905, 905).

Finally, the father contends that he was denied due process by the withdrawal of his attorney without appropriate notice.  That contention, which is raised for the first time on appeal, is not preserved for our review (*see Matter of Rodney W. v Josephine F.*, 126 AD3d 605, 606, *lv dismissed* 25 NY3d 1187; *Matter of Kimberly Carolyn J.*, 37 AD3d 174, 175, *lv dismissed* 8 NY3d 968).

Entered:  December 23, 2015                    Frances E. Cafarell
                                               Clerk of the Court