# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1123**
**CAF 15-01520**
PRESENT: SMITH, J.P., DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

IN THE MATTER OF TERIZA SHEHATOU,
PETITIONER-RESPONDENT,

V                                         MEMORANDUM AND ORDER

EMAD LOUKA, RESPONDENT-APPELLANT.

---

DIBBLE & MILLER, P.C., ROCHESTER (CRAIG D. CHARTIER OF COUNSEL), FOR RESPONDENT-APPELLANT.

ALDERMAN AND ALDERMAN, SYRACUSE (EDWARD B. ALDERMAN OF COUNSEL), FOR PETITIONER-RESPONDENT.

SUSAN B. MARRIS, ATTORNEY FOR THE CHILDREN, MANLIUS.

---

Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered June 26, 2015 in a proceeding pursuant to Family Court Act article 4. The order, among other things, denied respondent's application to, inter alia, vacate an order entered upon his default.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order that, inter alia, denied his application seeking to vacate an order entered upon his default in which Family Court determined that he willfully violated a child support order. The determination whether to vacate an order entered upon a default is left to the sound discretion of the court (*see Matter of Troy D.B. v Jefferson County Dept. of Social Servs.*, 42 AD3d 964, 965), and we conclude that the court did not abuse its discretion here. "Pursuant to CPLR 5015 (a) (1), a court may vacate a judgment or order entered upon default if it determines that there is a reasonable excuse for the default and a meritorious defense" (*id.*). "Although default orders are disfavored in cases involving the custody or support of children, and thus the rules with respect to vacating default judgments are not to be applied as rigorously in those cases . . . , that policy does not relieve the defaulting party of the burden of establishing a reasonable excuse for the default or a meritorious defense" (*Matter of Strumpf v Avery*, 134 AD3d 1465, 1465-1466 [internal quotation marks omitted]). Even assuming, arguendo, that the father established a reasonable excuse for his failure to appear for the trial based upon allegedly confusing correspondence from petitioner mother's attorney with respect to

whether the mother had withdrawn her petition, we nevertheless conclude that the father failed to establish a meritorious defense. "In order to support his claim of a meritorious defense, the father was required to set forth sufficient facts [or legal arguments] to demonstrate, on a prima facie basis, that a defense existed . . . , but he failed to do so" (*id.* at 1466 [internal quotation marks omitted]).  The father repeated arguments in his affidavit that had been unsuccessful in prior support proceedings, i.e., that he received Social Security benefits and that he was unable to work.  We conclude, however, that he failed to establish his inability to work, and his conclusory assertions were not sufficient to establish a meritorious defense (*see Matter of Commissioner of Social Servs. v Turner*, 99 AD3d 1244, 1244-1245).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court