# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1276**
**CAF 15-01895**
PRESENT: WHALEN, P.J., SMITH, CARNI, DEJOSEPH, AND CURRAN, JJ.

---

IN THE MATTER OF KELLY NEUPERT,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JASON M. NEUPERT, RESPONDENT-APPELLANT.

---

DEBORAH J. SCINTA, ORCHARD PARK, FOR RESPONDENT-APPELLANT.

DENIS A. KITCHEN, JR., WILLIAMSVILLE, FOR PETITIONER-RESPONDENT.

KELLY L. BALL, ATTORNEY FOR THE CHILDREN, BUFFALO.

--------------------------------------------------------------------------------

Appeal from an order of the Family Court, Erie County (Mary G. Carney, J.), entered October 16, 2015 in a proceeding pursuant to Family Court Act article 6. The order denied respondent's motion to vacate an order entered upon his default.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order denying his motion to vacate an order, entered upon his default, that awarded petitioner mother sole custody of the parties' children and ended the father's visitation with the children.

We reject the father's contention that he did not receive notice of the default hearing. To the contrary, the record establishes that the notice Family Court mailed to the father was not returned, and that the father had actual knowledge of the hearing (*see Matter of Strumpf v Avery*, 134 AD3d 1465, 1466; *see also Matter of Geoffrey Colin D. v Janelle Latoya A.*, 132 AD3d 438, 438). We further conclude that the court did not abuse its discretion in denying the father's motion inasmuch as he failed to offer either a reasonable excuse for his default or a meritorious defense (*see Strumpf*, 134 AD3d at 1466; *see also Matter of Roshia v Thiel*, 110 AD3d 1490, 1491, *lv dismissed in part and denied in part* 22 NY3d 1037).

The father's remaining contentions are not properly before this Court. "[I]t is well settled that no appeal lies from an order entered on default" (*Matter of Bradley M.M. [Michael M.—Cindy M.]*, 98

AD3d 1257, 1258; *see generally Hines v Hines*, 125 AD2d 946, 946).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court