■ In the Matter of Akayla M., an Infant. Onondaga County Department of Children and Family Services, Respondent; Marie M., Now Known as Marie Z., Appellant. (Appeal No. 1.). [56 NYS3d 731]—

Appeal from an order of the Family Court, Onondaga County (Michele Pirro Bailey, J.), entered December 4, 2015 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights with respect to the subject child.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In these consolidated appeals, respondent mother appeals from two orders that, inter alia, terminated her parental rights with respect to four of her children based upon her inability, by reason of her intellectual disability, to provide adequate and proper care for the subject children (*see* Social Services Law § 384-b [4] [c]; [6] [b]; *Matter of Joyce T.*, 65 NY2d 39, 48-49 [1985]).

We conclude in both appeals that petitioner established by clear and convincing evidence that the mother is intellectually disabled and that by reason of such disability, she is unable to

provide proper and adequate care for her children presently and for the foreseeable future (*see* Social Services Law § 384-b [4] [c]; *Matter of Cayden L.R. [Jayme R.]*, 83 AD3d 1550, 1550 [2011]). Petitioner presented the testimony of two psychologists who examined the mother and concluded that she has below average intelligence and that, if the children were placed in her care, the children would be at significant risk of neglect for the foreseeable future. Further, petitioner presented evidence that the mother has been unable to improve her parenting skills and would not benefit from any additional support services.

We reject the mother's contention in both appeals that the determination to terminate her parental rights is not supported by the record and that a suspended judgment would be in the best interests of the children. While a separate dispositional hearing is not statutorily required where, as here, parental rights are terminated based upon intellectual disability (*see Joyce T.*, 65 NY2d at 49), Family Court held such hearing. Under the circumstances of this case, including the fact that the foster parents planned to adopt three of the children, termination of the mother's parental rights was in the children's best interests (*see Matter of Donovan W.*, 56 AD3d 1279, 1279-1280 [2008], *lv denied* 11 NY3d 716 [2009]; *Matter of Dessa F.*, 35 AD3d 1096, 1098 [2006]). Moreover, there is no statutory authority for a suspended judgment when parental rights are terminated by reason of intellectual disability (*see generally Matter of Charles FF.*, 44 AD3d 1137, 1138 [2007], *lv denied* 9 NY3d 817 [2008]).

We agree with the mother in both appeals that a report from a psychologist who examined the mother on behalf of petitioner was improperly admitted in evidence at the fact-finding hearing. The report did not qualify for the business records exception to the hearsay rule because it was prepared for the purpose of litigation, rather than in the ordinary course of business (*see Wilson v Bodian*, 130 AD2d 221, 229-230 [1987]). We conclude, however, that the error is harmless inasmuch as " 'the result[s] reached herein would have been the same even had [the report] been excluded' " (*Matter of Alyshia M.R.*, 53 AD3d 1060, 1061 [2008], *lv denied* 11 NY3d 707 [2008]; *see Matter of Kyla E. [Stephanie F.]*, 126 AD3d 1385, 1386 [2015], *lv denied* 25 NY3d 910 [2015]). Present—Smith, J.P., Peradotto, DeJoseph, NeMoyer and Curran, JJ.