In the Matter of MARTIN ROACHE, Respondent, v LAKICIA M. HUGHES-ROACHE, Appellant. (Appeal No. 1.) [61 NYS3d 411]—

Appeal from an order of the Family Court, Erie County (Kevin M. Carter, J.), entered October 29, 2015 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted petitioner sole custody of the children upon the default of respondent.

It is hereby ordered that said appeal is unanimously dismissed without costs.

Memorandum: Respondent mother appeals from two orders in a proceeding pursuant to Family Court Act article 6. By the order in appeal No. 1, Family Court granted, on the mother's default, petitioner father's petition seeking sole custody of the parties' minor children. By the order in appeal No. 2, the court denied the mother's motion to vacate the prior order.

The order in appeal No. 1 was entered upon the mother's default, and "it is well settled that no appeal lies from an order that is entered upon the default of the appealing party" (*Matter of Rottenberg v Clarke*, 144 AD3d 1627, 1627 [2016]). We therefore dismiss the appeal from the order in appeal No. 1. With respect to the order in appeal No. 2, we conclude that the court did not abuse its discretion in denying the mother's motion to vacate the order entered on her default. We reject the mother's contention that the court failed to comply with the notice requirement in CPLR 3215 (g) and thus that the order should be vacated on that ground. The record establishes that the mother did not appear for a proceeding in July 2015 and that the court issued the required notice of an application for default (*see* CPLR 3215 [g] [1]). Although the mother was present for the subsequent proceeding in September 2015, she did not appear at the adjourned proceeding the next month. Because the mother received the default notice and was put on actual notice of the new date for the hearing, we conclude that there was no procedural bar to awarding the father relief on default when neither the mother nor her attorney appeared for the October 2015 proceeding (*see generally Neupert v Neupert*, 145 AD3d 1643, 1643 [2016]; *Matter of Geoffrey Colin D. v Janelle Latoya A.*, 132 AD3d 438, 438-439 [2015]). We likewise

reject the mother's contention that her motion should have been granted because she had a reasonable excuse for her default and a meritorious defense. Even assuming, arguendo, that the mother established a reasonable excuse for her failure to appear for the proceeding, we conclude that she failed to establish the requisite meritorious defense (*see* CPLR 5015 [a] [1]; *Matter of Shehatou v Louka*, 145 AD3d 1533, 1534 [2016]; *Matter of Strumpf v Avery*, 134 AD3d 1465, 1466 [2015]). Present—Whalen, P.J., Smith, Carni, DeJoseph and Curran, JJ.