Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered September 11, 2015 in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondent with respect to the subject children.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: Respondent mother appeals from an order terminating her parental rights with respect to the subject children pursuant to Social Services Law § 384-b (4) (c). We affirm.
 

 Contrary to the mother’s contention, petitioner demonstrated by clear and convincing evidence that she is “presently and for the foreseeable future unable, by reason of mental illness . . . , to provide proper and adequate care for [her] child[ren]” (Social Services Law § 384-b [4] [c]). After interviewing both the mother and the children’s father, observing their interactions with the subject children, reviewing extensive background information, and speaking with other interested parties, petitioner’s expert psychologist diagnosed both the mother and the father with antisocial personality disorder (ASPD). According to the expert, ASPD is effectively resistant to treatment, has a very remote chance of being cured, and is characterized by criminal and/or antisocial behavior that suggests a lack of internalization of societal norms and appropriate moral development. Those afflicted with ASPD, the expert further noted, tend toward reckless or impulsive behavior that prioritizes their individual desires over those of others, particularly young and vulnerable children. The expert opined, to a reasonable degree of clinical certainty and without contradiction, that any child in the care of either the mother or the father would be at imminent risk of harm both now and for the foreseeable future.
 

 The reliability of the expert’s diagnosis and prognosis is underscored by various tragedies that befell other children of these parents. One child suffocated to death because of a dangerous sleeping arrangement, even though the parents were previously warned of the danger of that very arrangement. These parents also failed to obtain prompt medical treatment for another child after he fell down the stairs at a subway station and fractured his skull. The above evidence is “clearly sufficient to support . . . Family Court’s findings” that termination is warranted under Social Services Law § 384-b (4) (c) (Matter of Rashawn L.B., 8 AD3d 267, 269 [2d Dept 2004]; see Matter of Donovan Jermaine R. [Leatrice B.], 137 AD3d 448, 448-449 [1st Dept 2016]; Matter of Adrianahmarie SS. [Harold SS.], 99 AD3d 1072, 1074-1075 [3d Dept 2012]).
 

 In light of the overwhelming evidence of the mother’s mental illness and her resulting inability to parent the subject children adequately, any improperly admitted hearsay is harmless (see Matter of Akayla M. [Marie M.], 151 AD3d 1684, 1685 [4th Dept 2017], lv denied 30 NY3d 901 [2017]; Matter of Alyshia M.R., 53 AD3d 1060, 1061 [4th Dept 2008], lv denied 11 NY3d 707 [2008]). The mother’s remaining contention is unpreserved for our review.
 

 Present—Smith, J.P., Peradotto, DeJoseph, NeMoyer and Curran, JJ.