Matter of Yeshua G. (Anthony G.) (2018 NY Slip Op 04121)





Matter of Yeshua G. (Anthony G.)


2018 NY Slip Op 04121


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


285 CAF 16-02327

[*1]IN THE MATTER OF YESHUA G. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; ANTHONY G., RESPONDENT-APPELLANT. 






DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.
JAMES E. BROWN, BUFFALO, FOR PETITIONER-RESPONDENT.
DOMINIC PAUL CANDINO, WEST SENECA, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered December 7, 2016 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights to the subject child on the grounds of mental illness. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding to terminate respondent father's parental rights with respect to the subject child on the ground of mental illness (see generally Social Services Law
§ 384-b [4] [c]). Family Court granted petitioner's motion for summary judgment on the petition. We now affirm.
Contrary to the father's contention, the court properly granted petitioner's motion based on collateral estoppel (see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182-183 [1994]; Matter of Desiree C., 7 AD3d 522, 524 [2d Dept 2004]). The relevant issue in this proceeding is whether the father is "presently and for the foreseeable future unable, by reason of mental illness . . . , to provide proper and adequate care for a child" (Social Services Law § 384-b [4] [c]), and the court resolved that exact issue against him in a prior termination proceeding concerning his other children (Matter of Neveah G. [Anthony G.], 156 AD3d 1342, 1342 [4th Dept 2017], lv denied — NY3d &mdash, 2018 NY Slip Op 71835 [2018]; see Matter of Neveah G. [Jahkeya A.], 156 AD3d 1340, 1341 [4th Dept 2017], lv denied — NY3d &mdash, 2018 NY Slip Op 71836 [2018]). The father does not dispute that he was afforded a full and fair opportunity to litigate that issue in the prior proceeding (see James M., 83 NY2d at 182-183; Matter of Sarah L., 207 AD2d 1016, 1017 [4th Dept 1994]). Thus, "[a]ll the requirements were satisfied for applying collateral estoppel to sustain the [instant termination] petition" (Sarah L., 207 AD2d at 1017; see Matter of Jasmine R., 8 Misc 3d 904, 908-912 [Fam Ct, Queens County 2005]). We reject the father's contention that petitioner was obligated to submit the expert report upon which the court's prior determination was based inasmuch as that determination was itself sufficient, standing alone, to establish petitioner's initial burden on summary judgment.
In opposition to petitioner's motion, the father failed to raise a triable issue of fact concerning the applicability of collateral estoppel. We therefore conclude that the court properly granted petitioner's motion and terminated the father's parental rights with respect to the subject child (see Matter of Majerae T. [Crystal T.], 74 AD3d 1784, 1784-1786 [4th Dept 2010]; cf. Matter of Terrence G. [Terrence M.M.—Yvonne C.G.], 98 AD3d 1294, 1295-1296 [4th Dept 2012]).
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court