Matter of Delgado v Vega (2019 NY Slip Op 03160)





Matter of Delgado v Vega


2019 NY Slip Op 03160


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND TROUTMAN, JJ.


41 CAF 18-00209

[*1]IN THE MATTER OF IVAN DELGADO, PETITIONER-RESPONDENT,
v
VANESSA VEGA, RESPONDENT-APPELLANT. (APPEAL NO. 1.) 






THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR RESPONDENT-APPELLANT.
MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR PETITIONER-RESPONDENT.
TANYA J. CONLEY, ROCHESTER, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Monroe County (Joseph G. Nesser, J.), entered January 2, 2018 in a proceeding pursuant to Family Court Act article 6. The order denied the application of respondent to vacate an order entered upon her default. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Monroe County, for further proceedings in accordance with the following memorandum: In appeal No. 1, respondent mother appeals from an order that denied her application to vacate an order entered upon her default that, inter alia, awarded petitioner father sole custody of the parties' child. In appeal No. 2, the mother appeals from an order that denied her motion for leave to renew the application to vacate the default order. We conclude that Family Court abused its discretion in denying the mother's application in appeal No. 1.
As a preliminary matter, we agree with the Attorney for the Child that the mother failed to preserve for our review her contention that she was entitled to vacatur of the default order pursuant to CPLR 317 inasmuch as the mother did not seek such relief in her original application (see Xiao Hong Wang v Chi Kei Li, 169 AD3d 593, 594 [1st Dept 2019]; cf. Pena v Mittleman, 179 AD2d 607, 608 [1st Dept 1992]). Rather, the mother's application sought vacatur of the default order under CPLR 5015 (a) (1) only, and we therefore limit our review accordingly.
"Pursuant to CPLR 5015 (a) (1), a court may vacate a judgment or order entered upon default if it determines that there is a reasonable excuse for the default and a meritorious defense" (Matter of Troy D.B. v Jefferson County Dept. of Social Servs., 42 AD3d 964, 965 [4th Dept 2007]), and it is well settled that "[t]he determination whether to vacate an order entered upon a default is left to the sound discretion of the court" (Matter of Shehatou v Louka, 145 AD3d 1533, 1533-1534 [4th Dept 2016]). Nevertheless, inasmuch as " default orders are disfavored in cases involving the custody or support of children, and . . . the rules with respect to vacating default judgments are not to be applied as rigorously in those cases' " (Matter of Strumpf v Avery, 134 AD3d 1465, 1465-1466 [4th Dept 2015]), we conclude that the mother, who had physical custody of the child from the child's birth until the father took custody pursuant to the default order, established a meritorious defense to the father's petition and raised an issue of fact whether she was served with the petition, thus warranting a traverse hearing (see Bank v Hudson Produce, Inc., 161 AD3d 573, 574 [1st Dept 2018]; Kasowitz, Benson, Torres & Friedman, LLP v Cao, 105 AD3d 521, 521 [1st Dept 2013]). We therefore reverse the order in appeal No. 1 and remit the matter to Family Court to decide the application to vacate following such a hearing. Pending the court's determination upon remittal, the custody and visitation [*2]provisions in the order entered May 4, 2017 shall remain in effect (see Matter of Brown v Orr, 166 AD3d 1583, 1584 [4th Dept 2018]).
In view of the foregoing, the appeal from the order in appeal No. 2 is dismissed as moot (see Braitman v Minicucci & Grenga [appeal No. 1], 272 AD2d 875, 875 [4th Dept 2000]; see generally 55 Liberty St. Assoc. v Garrick-Aug Assoc. Store Leasing, 255 AD2d 188, 188 [1st Dept 1998]).
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court