Matter of Patience T. (Christopher T.) (2019 NY Slip Op 04838)





Matter of Patience T. (Christopher T.)


2019 NY Slip Op 04838


Decided on June 14, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


587 CAF 17-00525

[*1]IN THE MATTER OF PATIENCE T. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; CHRISTOPHER T., RESPONDENT-APPELLANT.






WILLIAM D. BRODERICK, JR., ELMA, FOR RESPONDENT-APPELLANT. 
REBECCA HOFFMAN, BUFFALO, FOR PETITIONER-RESPONDENT. 
JEFFREY M. HARRINGTON, WEST SENECA, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Lisa Bloch Rodwin, J.), entered March 14, 2017 in a proceeding pursuant to Social Services Law § 384-b. The order denied respondent's motion to vacate a default order. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent father appeals from an order denying his motion to vacate a default order that, inter alia, found that he permanently neglected the subject child. We reject the father's contention that Family Court should have granted that motion. "Although default orders are disfavored in cases involving the custody or support of children, and thus the rules with respect to vacating default judgments are not to be applied as rigorously in those cases . . . , that policy does not relieve the defaulting party of the burden of establishing a reasonable excuse for the default" and a meritorious defense (Matter of Roshia v Thiel, 110 AD3d 1490, 1491 [4th Dept 2013], lv dismissed in part and denied in part 22 NY3d 1037 [2013] [internal quotation marks omitted]; see Matter of Cummings v Rosoff, 101 AD3d 713, 714 [2d Dept 2012]). Here, even assuming, arguendo, that the father established a reasonable excuse for his failure to appear for the proceeding, we conclude that he failed to establish the requisite meritorious defense (see CPLR 5015 [a] [1]; Matter of Shehatou v Louka, 145 AD3d 1533, 1534 [4th Dept 2016]; Matter of Strumpf v Avery, 134 AD3d 1465, 1466 [4th Dept 2015]).
The father further contends that the court erred in granting his attorney's motion to withdraw as counsel, which the attorney made and the court granted before scheduling the hearing that led to the default order. That contention is not properly before us on this appeal inasmuch as it was not raised in the father's motion to vacate the default order (see Matter of Toyota Motor Credit Corp. v Impressive Auto Ctr., Inc., 80 AD3d 861, 864 n 4 [3d Dept 2011]; Zeballos v Zeballos, 104 AD2d 1033, 1034 [2d Dept 1984], lv dismissed 65 NY2d 602, 690 [1985], rearg denied 65 NY2d 1054 [1985]). In any event, the record establishes that the court granted the motion of the father's attorney only after the father received notice of that motion (cf. Matter of La'Derrick W., 63 AD3d 1538, 1539 [4th Dept 2009]), and after the attorney "demonstrated sufficient cause to be permitted to withdraw" (Solomon v Solomon, 172 AD2d 1081, 1081 [4th Dept 1991]; see generally Matter of Meko M., 272 AD2d 953, 954 [4th Dept 2000]).
Entered: June 14, 2019
Mark W. Bennett
Clerk of the Court