Matter of Marianys I. (Gabrielle I.) (2020 NY Slip Op 05366)





Matter of Marianys I. (Gabrielle I.)


2020 NY Slip Op 05366


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


645 CAF 19-00060

[*1]IN THE MATTER OF MARIANYS I. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; GABRIELLE I., RESPONDENT-APPELLANT. (APPEAL NO. 1.)






CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
REBECCA HOFFMAN, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JANE I. YOON OF COUNSEL), ATTORNEY FOR THE CHILD.


 Appeal from an order of the Family Court, Erie County (Lisa Bloch Rodwin, J.), entered December 6, 2018 in a proceeding pursuant to Social Services Law § 384-b. The order denied respondent's motion to vacate a default order. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these proceedings pursuant to Social Services Law § 384-b, Family Court entered default orders terminating respondent mother's parental rights with respect to each of the subject children on the ground of abandonment after the mother failed to answer the abandonment petitions and failed to appear in court on the return date. The mother thereafter moved to vacate the default orders, contending, inter alia, that she was never served with the petitions. The court denied the motions in two separate orders, and we now affirm.
"Pursuant to CPLR 5015 (a) (1), a court may vacate a judgment or order entered upon default if it determines that there is a reasonable excuse for the default and a meritorious defense" (Matter of Shehatou v Louka, 145 AD3d 1533, 1534 [4th Dept 2016] [internal quotation marks omitted]). To establish a meritorious defense, the moving party is required "to set forth sufficient facts [or legal arguments] to demonstrate, on a prima facie basis, that a defense existed" (Matter of Strumpf v Avery, 134 AD3d 1465, 1466 [4th Dept 2015] [internal quotation marks omitted]). "[B]are assertion[s] . . . [of] a meritorious defense without stating the facts or legal arguments to establish that defense [are] insufficient" (id.).
Here, even assuming, arguendo, that the mother established a reasonable excuse for her default, we conclude that she failed to demonstrate a meritorious defense to the abandonment petitions, which alleged that she had no meaningful contact with the subject children during the six-month period immediately preceding the filing of the petitions (see Social Services Law § 384-b [4] [b]). In the affidavit submitted by the mother in support of her motions, she did not dispute that she failed to visit or contact the children during the relevant time period. We therefore conclude that the court did not abuse its discretion in denying the motions (see Matter of Mikia H. [Monique K.], 78 AD3d 1575, 1576 [4th Dept 2010], lv denied in part and dismissed in part 16 NY3d 760 [2011]).
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court