Matter of Meyah F. (Shelby L.) (2022 NY Slip Op 01631)





Matter of Meyah F.


2022 NY Slip Op 01631


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, WINSLOW, AND BANNISTER, JJ.


60 CAF 20-00895

[*1]IN THE MATTER OF MEYAH F., FALLYN T., AND FARRAH T.  ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; SHELBY L., RESPONDENT-APPELLANT. (APPEAL NO. 1.)






DEBORAH J. SCINTA, ORCHARD PARK, FOR RESPONDENT-APPELLANT. 
SHELBY MAROSELLI, BUFFALO, FOR PETITIONER-RESPONDENT.
RACHEL K. MARRERO, BUFFALO, ATTORNEY FOR THE CHILD.
AUDREY ROSE HERMAN, BUFFALO, ATTORNEY FOR THE CHILD.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (MELISSA HORVATITS OF COUNSEL), ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Lisa Bloch Rodwin, J.), entered July 21, 2020 in proceedings pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights with respect to the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these proceedings pursuant to Social Services Law § 384-b, in appeal No. 1, respondent mother appeals from an order that terminated her parental rights with respect to the three subject children on the ground of mental illness and, in appeal Nos. 2 and 3, the mother appeals from subsequent orders determining that the permanency goal of placement for adoption is in the best interests of each child.
We note at the outset that the mother's appeals from the orders in appeal Nos. 2 and 3 must be dismissed. Inasmuch as her parental rights had been terminated before the entry of the permanency orders, the mother " 'is . . . not aggrieved by the permanency . . . orders and lacks standing to pursue her appeals from the orders in [appeal Nos. 2 and 3]' " (Matter of Gena S. [Karen M.], 101 AD3d 1593, 1594 [4th Dept 2012], lv dismissed 21 NY3d 975 [2013]; see Matter of Maria M. [Kristin M.], 183 AD3d 1251, 1251 [4th Dept 2020]; see generally Matter of April C., 31 AD3d 1200, 1201 [4th Dept 2006]).
Contrary to the mother's contention in appeal No. 1, we conclude that petitioner "met its burden of demonstrating by clear and convincing evidence that the mother is presently and for the foreseeable future unable, by reason of mental illness . . . , to provide proper and adequate care for the children" (Matter of Michael S. [Rebecca S.], 165 AD3d 1633, 1633 [4th Dept 2018], lv denied 32 NY3d 915 [2019] [internal quotation marks omitted]). At trial, petitioner presented evidence establishing that the mother suffers from antisocial personality disorder (see id.; Matter of Neveah G. [Jahkeya A.], 156 AD3d 1340, 1341 [4th Dept 2017], lv denied 31 NY3d 907 [2018]), and that the "children would be in danger of being neglected if they were returned to her care at the present time or in the foreseeable future" (Matter of Jason B. [Phyllis B.], 160 AD3d 1433, 1434 [4th Dept 2018], lv denied 32 NY3d 902 [2018]). To the extent that the opinion of the mother's psychological expert conflicts with the opinion of petitioner's [*2]psychological expert, "the opinion of [the mother's expert] merely raised a question of credibility for [Family Court] to determine" (Matter of Damion S., 300 AD2d 1039, 1040 [4th Dept 2002]). The court's "determination regarding the credibility of witnesses is entitled to great weight on appeal, and will not be disturbed if supported by the record" (Matter of Burke H. [Richard H.], 134 AD3d 1499, 1501 [4th Dept 2015] [internal quotation marks omitted]; see Matter of Amanda Ann B., 38 AD3d 537, 538 [2d Dept 2007]), and we perceive no basis for disturbing the court's credibility determinations (see generally Burke H., 134 AD3d at 1501; Matter of Kaylene S. [Brauna S.], 101 AD3d 1648, 1649 [4th Dept 2012], lv denied 21 NY3d 852 [2013]).
Further, even assuming, arguendo, that the court improperly admitted in evidence portions of the report of petitioner's expert that contained hearsay, we conclude that the error is harmless because "the result reached herein would have been the same even had [the report], or portions thereof, been excluded" (Matter of Norah T. [Norman T.], 165 AD3d 1644, 1645 [4th Dept 2018], lv denied 32 NY3d 915 [2019] [internal quotation marks omitted]). Contrary to the mother's assertion, the court did not rely solely on the report of petitioner's expert, but also relied on the testimony of petitioner's expert, the mother, and the mother's expert, as well as the mother's treatment records, which were admitted into evidence without objection. Thus, "[t]he admissible evidence in the record, including the portions of the expert's report that did not include hearsay, was sufficient to support the finding that . . . mother is mentally ill within the meaning of Social Services Law § 384-b" (Matter of Chad Nasir S. [Charity Simone S.], 157 AD3d 425, 425-426 [1st Dept 2018]).
We have considered the mother's remaining contentions and conclude that they are without merit. 
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court