Matter of Long v Hartung (2024 NY Slip Op 05664)

Matter of Long v Hartung

2024 NY Slip Op 05664

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, GREENWOOD, AND HANNAH, JJ.

601 CAF 23-01242

[*1]IN THE MATTER OF AMANDA C. LONG, PETITIONER-APPELLANT,
v
THOMAS J. HARTUNG, JR., RESPONDENT-RESPONDENT. (APPEAL NO. 2.) 

D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR PETITIONER-APPELLANT.
KELIANN M. ARGY, ORCHARD PARK, FOR RESPONDENT-RESPONDENT. 
LYDIA V. EVANS, FREDONIA, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Chautauqua County (Michael J. Sullivan, J.), entered March 20, 2023, in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner-respondent father and respondent-petitioner mother previously shared joint custody of the subject child, with the father having primary residence. The father filed a petition to modify the parties' order of custody and visitation and subsequently filed a family offense petition pursuant to Family Court Act article 8. The mother failed to appear at the hearing on those petitions and, upon her default, Family Court granted the father's petitions and issued an order of protection, which directed her to stay away from the subject child and the father, as well as an order (default custody order) awarding the father sole custody of the child. The mother thereafter filed a petition seeking to modify the default custody order. In appeal No. 1, the mother appeals from the order of protection entered upon her default. In appeal No. 2, the mother appeals from an order dismissing her petition for modification of the default custody order.
The appeal from the order in appeal No. 1 must be dismissed inasmuch as no appeal lies from an order entered upon the default of the appealing party (see CPLR 5511; Matter of Rottenberg v Clarke, 144 AD3d 1627, 1627 [4th Dept 2016]).
With respect to the order in appeal No. 2, we conclude that the court did not err in sua sponte dismissing the mother's petition without conducting a hearing inasmuch as the petition failed to make a sufficient evidentiary showing of a change in circumstances (see Matter of Belrose v Belrose, 141 AD3d 780, 781 [3d Dept 2016]; Matter of Strachan v Gilliam [appeal No. 1], 129 AD3d 1679, 1679 [4th Dept 2015], lv dismissed 26 NY3d 994 [2015]; Matter of Sierak v Staring, 124 AD3d 1397, 1397 [4th Dept 2015]).
The mother further contends that her petition should be treated as a de facto motion to vacate the default orders. Even assuming, arguendo, that we read the mother's petition as seeking to vacate the default custody order and treat it as such, we conclude that she did not meet her burden of demonstrating entitlement to that relief.
"[A] court may vacate a judgment or order entered upon default if it determines that there is a reasonable excuse for the default and a meritorious defense" (Matter of Delgado v Vega, 171 [*2]AD3d 1457, 1457 [4th Dept 2019] [internal quotation marks omitted]; see CPLR 5015 [a] [1]). Although "default orders are disfavored in cases involving the custody or support of children, and . . . the rules with respect to vacating default judgments are not to be applied as rigorously in those cases" (Delgado, 171 AD3d at 1458 [internal quotation marks omitted]; see Matter of Strumpf v Avery, 134 AD3d 1465, 1465-1466 [4th Dept 2015]), that does not "relieve the defaulting party of the burden of establishing a reasonable excuse for the default or a meritorious defense" (Strumpf, 134 AD3d at 1466 [internal quotation marks omitted]). Even assuming, arguendo, that the mother established a reasonable excuse for her failure to appear, we conclude that she did not "set forth sufficient facts [or legal arguments] to demonstrate, on a prima facie basis, that a defense existed" (id. [internal quotation marks omitted]; see Matter of Susan UU. v Scott VV., 119 AD3d 1117, 1118 [3d Dept 2014]).
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court