Matter of Romeo C.
2026 NY Slip Op 04105
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF ROMEO C. AND JADEN C. ----------------------------------------------------- COMMISSIONER OF THE ONTARIO COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; GREG C. AND JACQUELINE C., RESPONDENTS-APPELLANTS.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
474 CAF 24-02039
Present: Whalen, P.J., Lindley, Ogden, Nowak, And Delconte, JJ.

CARA A. WALDMAN, FAIRPORT, FOR RESPONDENT-APPELLANT GREG C.
MICHAEL J. PULVER, NORTH SYRACUSE, FOR RESPONDENT-APPELLANT

Appeals from an order of the Family Court, Ontario County (Jacqueline E. Sisson, A.J.), entered December 11, 2024, in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondents with respect to the subject children.
[*1]
It is hereby ORDERED that said appeal by respondent Jacqueline C. is unanimously dismissed and the order is affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6 and Social Services Law § 384-b, respondents mother and father separately appeal from an order that, upon remittal (see Matter of Noah C. [Greg C.], 225 AD3d 1178 [4th Dept 2024]), inter alia, terminated respondents' parental rights.
Contrary to the mother's contention, Family Court did not err in determining that she was in default. The court warned the mother that if she failed to appear at the dispositional hearing, it would proceed in her absence, which could result in the termination of her parental rights. Nevertheless, the mother did not appear at the hearing and, although her attorney was present on both days, the attorney declined to participate. Thus, we conclude that the mother was in default (see Matter of De'Shaun H. [Cierra S.], 243 AD3d 1362, 1362-1363 [4th Dept 2025]; Matter of Jayden M. [Carlos M.], 237 AD3d 1560, 1562 [4th Dept 2025], lv denied 44 NY3d 902 [2025]). Inasmuch as " 'it is well settled that no appeal lies from an order that is entered upon the default of the appealing party' " (Matter of Roache v Hughes-Roache, 153 AD3d 1653, 1653 [4th Dept 2017]; see CPLR 5511; De'Shaun H., 243 AD3d at 1363), we dismiss the mother's appeal (see Matter of Jemma M. [Ashley M.], 237 AD3d 1569, 1569 [4th Dept 2025], lv denied 44 NY3d 908 [2025]).
With respect to the father's appeal, we affirm. We conclude that there is a sound and substantial basis in the record to support the court's determination that petitioner established by a preponderance of the evidence that the father failed to engage in services and violated numerous terms of the suspended judgment and that, given the facts and circumstances at the time of the hearing, it was in the subject children's best interests to terminate his parental rights. "[A] parent's noncompliance with the terms of [a] suspended judgment constitutes strong evidence [*2]that termination of parental rights is in a child's best interests" (Matter of Dominic T.M. [Cassie M.], 169 AD3d 1469, 1470 [4th Dept 2019], lv denied 33 NY3d 902 [2019]), and a court's determination that a parent is "not likely to change sufficiently to enable [them] to parent the child[ren] is entitled to great deference" (Matter of Jenna D. [Paula D.], 165 AD3d 1617, 1619 [4th Dept 2018], lv denied 32 NY3d 912 [2019]). In light of the overwhelming evidence of the father's noncompliance, we conclude that "any improperly admitted hearsay is harmless" (Matter of Neveah G. [Anthony G.], 156 AD3d 1342, 1342 [4th Dept 2017]; see Matter of Akayla M. [Marie M.], 151 AD3d 1684, 1685 [4th Dept 2017], lv denied 30 NY3d 901 [2017]).
Finally, we note that, even if the subject children are not seeking to be adopted at this time, termination of respondents' parental rights preserves that possibility in the future as well as their placements and the normalcy they have achieved.
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court